WILLIAM D. WEST and CANDACE F. WEST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
West v. Commissioner
Docket No. 1609-75.
United States Tax Court
T.C. Memo 1977-74; 1977 Tax Ct. Memo LEXIS 365; 36 T.C.M. (CCH) 337; T.C.M. (RIA) 770074; March 22, 1977, Filed *365 William D. West and Candane F. West, pro se. Robert L. Archambault, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined a deficiency of $87.61 in petitioners' Federal income tax for taxable year 1973. The only issue presented for decision is whether petitioners are entitled to a claimed deduction of $588.71 for "child care" expenses incurred for the care of their daughter while one parent was employed as a teacher and the other attended classes as a full-time student. Determinative of this issue is whether petitioner William D. West's educational pursuits qualify him as having been "gainfully employed on a substantially full-time basis" during 1973 within the meaning of section 214(e)(2)(A), Internal Revenue Code of 1954. [1]
This case was submitted without trial in accordance with the provisions of Rule 122, Tax Court Rules of Practice and Procedure. We adopt the stipulation of facts and exhibits attached thereto as our findings. All pertinent facts are *366 set forth below. Petitioners William D. West and Candace F. West are husband and wife whose legal residence was Lincoln, Nebraska at the time their petition was filed herein. They previously had filed a joint Federal income tax return for the calendar year 1973 with the Internal Revenue Service Center at Ogden, Utah. Both petitioners were engaged in full-time activities throughout the year 1973. Candace West was gainfully employed as a full-time speech and drama teacher at Culler Junior High School in Lincoln, Nebraska. William West's primary activity in that year centered around his enrollment as a full-time law student at the University of Nebraska, which also was located in Lincoln. In an effort to supplement Candace's income, William entered into a partnership with unknown third parties during June, July, and August for the purpose of painting houses. He received self-employment income in the amount of $717.95 from his participation in that venture. His partnership activities did not constitute gainful employment on a substantially full-time basis within the meaning of section 214(e)(2)(A) of the Code. By virtue of his enrollment as a full-time student in an approved *367 educational institution, William also received Veterans' Administration educational benefits in monthly allotments of $298.00 throughout 1973 pursuant to the provisions of the Veterans' Readjustment Benefit Act of 1966, 38 U.S.C. sec. 1651-1697 (1970). He would have received benefits in a smaller amount if he had not had two dependents during that year. Petitioners had one dependent child, a daughter, who was four years old during the year in issue. That daughter was a "qualifying individual" as defined in section 214(b)(1)(A) of the Code. During 1973 petitioners paid day care centers a total of $588.71 to care for their daughter while Mrs. West was working as a teacher and Mr. West attended classes at the University of Nebraska. Some portion of that total was paid in each month, although the monthly payments were not uniform in amount. Petitioners claimed a miscellaneous itemized deduction for the entire $588.71 on their joint Federal income tax return for 1973. We must decide whether a taxpayer may satisfy the "gainfully employed" requirement of section 214(e)(2) by devoting himself to a full-time course of study which is approved by the Veterans' *368 Administration for the awarding of educational assistance benefits payments. We note initially that petitioners have not given us much assistance in contemplating the issue they raised. In fact, they have not filed a brief in support of their position or otherwise attempted to affirmatively meet the burden of proof placed upon them by Rule 142, Tax Court Rules of Practice and Procedure.
The only statement of petitioners' position is found in the body of paragraph 4 of their petition: William was enrolled in a full-time course of study under the Veteran's Readjustment Act, thereby receiving income from the Veteran's Administration. Accordingly we contend that pursuing a full-time course of study under the Veteran's Readjustment Act constitutes "gainful employment" for the purposes of the child care deduction provision. Respondent precipitated the instant controversy by disallowing petitioners' $588.71 "child care" expense in its entirety on the ground that full-time study did not constitute "gainful employment" within the meaning of section 214(e)(2)(A) and, therefore, that both parents had not been gainfully employed during 1973 as required by that section. See Rev. Rul. 73-190, 1973-1 C.B. 140. *369 We agree with respondent. Section 214(a) permits taxpayers who maintain households for qualifying individuals to deduct "employment-related expenses" from adjusted gross income. The parties have stipulated that petitioners met the household maintenance hurdle because their daughter was a "qualifying individual" during 1973, and all money in issue was spent for her care. Section 214(e)(2) narrows the scope of child care deductions for married taxpayers by requiring that: (2) Gainful employment requirement-- If the taxpayer is married for any period during the taxable year, there shall be taken into account employment-related expenses incurred during any month of such period only if-- (A) both spouses are gainfully employed on a substantially full-time basis, or (B) the spouse is a qualifying individual described in subsection (b)(1)(C). In order for petitioners to qualify for this deduction, William West must be found to have been "gainfully employed on a substantially full-time basis". Petitioners were married during all 12 months of 1973, but neither parent was a "qualifying individual" as described by subsection (b)(1)(c) of section 214 so the requirements of subsection *370 (e)(2)(A) must be fulfilled. All relevant authorities indicate that petitioners' position is incorrect and, therefore, the claimed deduction must be disallowed in its entirety. The term "gainfully employed" clearly refers to income-producing activities in which the taxpayer furnishes services in exchange for monetary remuneration, David F. Garber,T.C. Memo. 1977-44, despite the fact that it is not defined in section 214. The recent Garber opinion contains a detailed discussion of the legislative history predating that section's enactment. Even a cursory review of the legislative history shows that Congress desired to assist all otherwise-willing workers in joining the work force by mitigating the costs of regular child care. Congress envisioned that gainful employment would encompass only those positions which tranditionally form part of our economy and which serve an integral, direct function in our society. Petitioners have not adduced any argument here that might tempt us to alter our analysis in any way. Sums expended for child care which permit a taxpayer to pursue personal goals of an academic nature are nondeductible under section 214 regardless *371 of what impact that education might have on a taxpayer's future earning capacity. Without engaging in undue philosophical discussions, we merely reiterate that "gainful employment" refers to an individual's full-time trade, business, or profession--his life's work. The term does not refer to activities designed to prepare oneself for that career, regardless of whether they are full-time in nature or whether some third party dispenses financial assistance to the taxpayer for the purpose of helping him satisfy the prerequisites for performing that life's work. Moreover, a review of the Veterans' Readjustment Benefits Act of 1966 convinces us that a recipient of its educational benefits payments cannot be deemed to be gainfully employed within the meaning of section 214. The Act does not remunerate former servicemen for becoming professional students. None of these individuals remains an employee of the Federal Government solely by virtue of having elected to accept the benefits offered to a whole class of individuals. Each qualifying student is merely participating in a plan which has as its twofold purposes (1) the enhancement of military service by offering more benefits, and *372 (2) the smoothing over of an individual's readjustment period when he leaves military service and resumes a civilian life. See 38 U.S.C. sec. 1651 (1970). The payments provided for in that Act more closely resemble scholarship payments than compensation for services rendered. We do not mean to imply that William's pursuit of an advanced degree is any less worthy an endeavor than those contemplated by Congress when it promulgated section 214. It simply fails to qualify for the deduction in issue. Deductions are purely a matter of legislative grace, New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934), and we must abide by the conditions which the Congress places upon their usage. Accordingly, to reflect the conclusion reached herein, Decision will be entered for the respondent. Footnotes
1. All section references pertain to the Internal Revenue Code of 1954, as amended during the year in issue, unless otherwise indicated.↩